UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIMON THORNTON,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL MEDVIN, et al.,<br><br>Defendants. | Case No. 21-cv-01956-WHO (PR)<br><br>**ORDER OF SERVICE;**<br><br>**ORDER DIRECTING DEFENDANTS TO FILE A DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION;**<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>**INSTRUCTIONS TO CLERK**<br><br>Dkt. No. 8 |

## INTRODUCTION

Plaintiff Simon Thornton alleges his jailors violated his Eighth Amendment rights by providing inadequate medical care. His 42 U.S.C. § 1983 complaint containing these allegations is now before the Court for review pursuant to 28 U.S.C. § 1915A(a).

Thornton has stated claims against Dr. Michael Medvin and Commander Pierce. The Court directs defendants to file in response to the complaint a dispositive motion, or a notice regarding such a motion, on or before **January 24, 2022**.

## STANDARD OF REVIEW

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune

from such relief. *See id.* § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

## DISCUSSION

Thornton alleges that in February 2020 while he was housed at the Mendocino County Jail Dr. Michael Medvin provided constitutionally inadequate medical care in violation of the Eighth Amendment. (Compl., Dkt. No. 1 at 4-6.) When liberally construed, Thornton has stated an Eighth Amendment claim against Medvin and against the jail's supervisor, Commander Pierce.

All other claims and defendants are DISMISSED. Thornton's claims against correctional staff (Sergeant Siderakis and Lieutenant Bednar) for failing to intervene are DISMISSED. These persons are not responsible for providing medical care or for supervising medical staff.

## MOTION FOR THE APPOINTMENT OF COUNSEL

Thornton moves for the appointment of counsel. (Dkt. No. 8.) The decision to request counsel to represent an indigent litigant under 28 U.S.C. § 1915 is within "the

1   sound discretion of the trial court and is granted only in exceptional circumstances."
2   *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984).  A finding of "exceptional
3   circumstances" requires an evaluation of the likelihood of the plaintiff's success on the
4   merits and an evaluation of the plaintiff's ability to articulate his claims pro se in light of
5   the complexity of the legal issues involved.  *See Agyeman v. Corrections Corp. of
6   America*, 390 F.3d 1101, 1103 (9th Cir. 2004).  Neither the need for discovery, nor the fact
7   that the pro se litigant would be better served with the assistance of counsel, necessarily
8   qualify the issues involved as complex.  *See Rand v. Rowland*, 113 F.3d 1520, 1525 (9th
9   Cir. 1997).

10   In the Ninth Circuit, roughly one-third of new civil litigants in district court are not
11   represented by counsel.  United States Courts for the Ninth Circuit, 2017 Annual Report,
12   https://www.ca9.uscourts.gov/judicial_council/publications/AnnualReport2017.pdf.  Most,
13   but by no means all, of these litigants are incarcerated.  There is no doubt that not having a
14   lawyer puts a party at a disadvantage in our adversarial system of justice, and the high
15   percentage of civil litigants who cannot afford one threatens our ability to dispense equal
16   justice to rich and poor alike, as the judicial oath demands.  That said, I am compelled to
17   follow controlling precedent and determine if "exceptional circumstances" exist to appoint
18   counsel in the cases before me.

19   Thornton has not shown that exceptional circumstances exist.  His filings are clear,
20   and the suit does not present complex legal issues.  Accordingly, Thornton's motion for the
21   appointment of counsel is DENIED.  I will reconsider the necessity of appointing counsel
22   if circumstances warrant such action at a later date.

## CONCLUSION

24   For the foregoing reasons, the Court orders as follows:
25   1.   The Clerk of the Court shall issue summons and the United States Marshal
26   shall serve, without prepayment of fees, a copy of the complaint in this matter (Dkt.
27   No. 1), all attachments thereto, and a copy of this order upon the following employees of
28   the Mendocino County Jail:  (i) Dr. Michael Medvin, and (ii) Commander Pierce.  The

3

1  Clerk shall also mail courtesy copies of the complaint and this order to the California
2  Attorney General's Office.
3     2.     On or before **January 24, 2022**, defendants shall file a motion for summary
4  judgment or other dispositive motion with respect to the claim(s) in the complaint found to
5  be cognizable above.
6        a.     If defendants elect to file a motion to dismiss on the grounds plaintiff
7  failed to exhaust his available administrative remedies as required by 42 U.S.C.
8  § 1997e(a), defendants shall do so in a motion for summary judgment, as required by
9  *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014).
10       b.     Any motion for summary judgment shall be supported by adequate
11 factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of
12 Civil Procedure.  Defendants are advised that summary judgment cannot be granted, nor
13 qualified immunity found, if material facts are in dispute.  If any defendant is of the
14 opinion that this case cannot be resolved by summary judgment, he shall so inform the
15 Court prior to the date the summary judgment motion is due.
16    3.     Plaintiff's opposition to the dispositive motion shall be filed with the Court
17 and served on defendants no later than forty-five (45) days from the date defendants'
18 motion is filed.
19    4.     Defendants shall file a reply brief no later than fifteen (15) days after
20 plaintiff's opposition is filed.
21    5.     The motion shall be deemed submitted as of the date the reply brief is due.
22 No hearing will be held on the motion unless the Court so orders at a later date.
23    6.     All communications by the plaintiff with the Court must be served on
24 defendants, or defendants' counsel once counsel has been designated, by mailing a true
25 copy of the document to defendants or defendants' counsel.
26    7.     Discovery may be taken in accordance with the Federal Rules of Civil
27 Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local
28 Rule 16-1 is required before the parties may conduct discovery.

1    Plaintiff is reminded that state prisoners inmates may review all non-confidential
2 material in their medical and central files, pursuant to *In re Olson*, 37 Cal. App. 3d 783
3 (Cal. Ct. App. 1974); 15 California Code of Regulations § 3370; and the CDCR's
4 Department Operations Manual §§ 13030.4, 13030.16, 13030.16.1-13030.16.3, 13030.21,
5 and 71010.11.1. Requests to review these files or for copies of materials in them must be
6 made directly to prison officials, not to the Court.

7    Plaintiff may also use any applicable jail procedures to request copies of (or the
8 opportunity to review) any reports, medical records, or other records maintained by jail
9 officials that are relevant to the claims found cognizable in this order. Such requests must
10 be made directly to jail officials, not to the Court.

11    8.    Extensions of time must be filed no later than the deadline sought to be
12 extended and must be accompanied by a showing of good cause.

13    9.    A decision from the Ninth Circuit requires that pro se prisoner-plaintiffs be
14 given "notice of what is required of them in order to oppose" summary judgment motions
15 at the time of filing of the motions, rather than when the court orders service of process or
16 otherwise before the motions are filed. *Woods v. Carey*, 684 F.3d 934, 939-41 (9th Cir.
17 2012). Defendants shall provide the following notice to plaintiff when they file and serve
18 any motion for summary judgment:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact — that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue

5

of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial.

*Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998).

10. It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

11. Plaintiff's motion for the appointment of counsel is DENIED.  (Dkt. No. 8.) The Clerk shall terminate Dkt. No. 8.

**IT IS SO ORDERED.**

**Dated:** September 16, 2021



WILLIAM H. ORRICK
United States District Judge