UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIMON THORNTON,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL MEDVIN, et al.,<br><br>    Defendants. | Case No. 21-cv-01956-WHO<br><br>**ORDER EXTENDING TIME;**<br><br>**ORDER DENYING MOTION FOR THE APPOINTMENT OF COUNSEL**<br><br>Dkt. Nos. 12 and 23 |

Plaintiff Thornton's motion to extend time to file oppositions to the two pending motions for summary judgment is GRANTED. (Dkt. No. 23.) The oppositions shall be filed on or before **June 1, 2022**.

Thornton moves for the appointment of counsel. (Dkt. No. 12.) The decision to request counsel to represent an indigent litigant under 28 U.S.C. § 1915 is within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). A finding of "exceptional circumstances" requires an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims pro se in light of the complexity of the legal issues involved. *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). Neither the need for discovery, nor the fact that the pro se litigant would be better served with the assistance of counsel, necessarily qualify the issues involved as complex. *See Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997).

In the Ninth Circuit, roughly one-third of new civil litigants in district court are not

1  represented by counsel. United States Courts for the Ninth Circuit, 2017 Annual Report,
2  https://www.ca9.uscourts.gov/judicial_council/publications/AnnualReport2017.pdf.  Most,
3  but by no means all, of these litigants are incarcerated.  There is no doubt that not having a
4  lawyer puts a party at a disadvantage in our adversarial system of justice, and the high
5  percentage of civil litigants who cannot afford one threatens our ability to dispense equal
6  justice to rich and poor alike, as the judicial oath demands.  That said, I am compelled to
7  follow controlling precedent and determine if "exceptional circumstances" exist to appoint
8  counsel in the cases before me.

Thornton has not shown that exceptional circumstances exist.  His filings are clear, and the suit does not present complex legal issues.  Accordingly, Thornton's motion for the appointment of counsel is DENIED.  I will reconsider the necessity of appointing counsel if circumstances warrant such action at a later date.

The Clerk shall terminate Dkt. Nos. 12 and 23.

**IT IS SO ORDERED.**

**Dated:**  April 19, 2022



WILLIAM H. ORRICK
United States District Judge